NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RACHEL LUNT, *Appellant*.

No. 1 CA-CR 20-0124
FILED 10-29-2020

Appeal from the Superior Court in Maricopa County
No. CR2019-001190-001
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for defendant Rachel Lunt filed a brief advising the court that, after searching the entire record, he is unable to discover any arguable questions of law and requesting that this court conduct an *Anders* review of the record.  Lunt was given the opportunity to file a supplemental brief pro se but did not do so.  For reasons that follow, we affirm Lunt's convictions and resulting sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In May 2018, Wal-Mart employees apprehended Lunt and accused her of shoplifting.  About forty-five minutes later, Glendale Police Department Officer Anthony Johnson arrived and read Lunt the *Miranda*[1] warnings and searched her purse.   The purse contained a glass pipe, a straw with a burnt top, and green baggies.  There was also a green baggy containing a white crystal substance that appeared to be methamphetamine.  Lunt did not deny ownership of the items and later confirmed the purse was hers. Testing later confirmed that the white crystal substance was a usable quantity of methamphetamine.

**¶3**        The State indicted Lunt on one count of possession of methamphetamine, a dangerous drug, and one count of possession of drug paraphernalia. *See* A.R.S. §§ 13-3407(A)(1), -3415(A).  Lunt's trial lasted three days, and at the close of the State's case, Lunt moved for acquittal pursuant to Arizona Rule of Criminal Procedure 20.  The court denied the motion.

**¶4**        The jury found Lunt guilty of both counts, and the trial court suspended imposition of sentence and placed Lunt on probation for two years for both counts, to run concurrently.  Lunt timely appealed.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 467–73 (1966) (listing *Miranda* warnings).

**¶5**        This court has jurisdiction over Lunt's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6**        The court has reviewed and considered counsel's brief. The court has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1990) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and reviewing the briefs reveals no reversible error. The record shows Lunt was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory limit. Neither counsel nor Lunt raised any issues on appeal.

## CONCLUSION

**¶7**        We affirm Lunt's convictions and resulting sentences.

**¶8**        Upon filing of this decision, defense counsel is directed to inform Lunt of the status of her appeal and of her future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Lunt shall have 30 days from the date of this decision to proceed, if she desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA